TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Michael Corpolongo*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Corpolongo, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC a Georgia corporation, Trans Union, LLC, a Delaware limited liability company, and Ditech Financial LLC, a Delaware company. | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, MICHAEL CORPOLONGO, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of El Mirage, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

   b. Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona; and

2

    c. Ditech Financial LLC ("Ditech Financial"), which is a Delaware company that maintains a registered agent in Maricopa County, Arizona.

## **GENERAL ALLEGATIONS**

6. Sometime in either February or March 2016, Mr. Corpolongo obtained his credit files and noticed that Ditech Financial was reporting its trade line with account number 511000142**** ("Errant Trade Line") with an inaccurate status of "Account Included in Bankruptcy" on his Equifax and Trans Union credit files. He also noticed that Ditech was reporting the Errant Trade Line as closed in February 2016 on his Trans Union credit file and a balance on both of his Equifax and Trans Union credit files. Finally, he noticed that Ditech was not reporting any payments that Mr. Corpolongo had been making on the Errant Trade Line on his Equifax and Trans Union credit files.

7. All of the above information is false. Mr. Corpolongo has been making timely monthly payments on the Errant Trade Line, and he is living in the house, which is the subject of the Errant Trade Line. The Errant Trade Line relates to his purchase money mortgage. As Arizona is a non-deficiency state, there was never any personal liability attached to him to pay the mortgage. Ditech's only remedy in the event of his default was to foreclose on the property. Hence, his bankruptcy has no effect on his liability to Ditech. Mr. Corpolongo made all of his payments before he filed bankruptcy, and he continues to make them today.

The failure to report these payments is false and misleading to any user of the credit report. It shows that he stopped making payments after the bankruptcy, which is not true.

8. In early February or March 2016, when Mr. Corpolongo noticed the Errant Trade Line, he called the credit bureaus and disputed the Errant Trade Line orally. He also called Ditech directly, and the representative told him that the issue was being investigated.

9. On or about May 1, 2016, Mr. Corpolongo obtained his credit files again and noticed that Ditech was still reporting the inaccurate information on the Errant Trade Line.

10. On or about May 11, 2016, Mr. Corpolongo submitted letters to Equifax and Trans Union, disputing the Errant Trade Line. Mr. Corpolongo explained about his bankruptcy and how it relates to his liability to Ditech. He asked Equifax and Trans Union to report his monthly payments, to report the balance, to report the trade line as an open account, and to remove the language stating that it was included in his bankruptcy.

11. Upon information and belief, Equifax and Trans Union transmitted Mr. Corpolongo's consumer disputes to Ditech.

12. On or about June 4, 2016, Mr. Corpolongo received Equifax's investigation results, which showed that Ditech continued to report an incorrect status of

1. "Account Included in Bankruptcy," it did not report the balance, and it continued to fail to report his monthly payments.

13. On or about June 5, 2016, Mr. Corpolongo received Trans Union's investigation results, which also showed that Ditech continued to report the pay status of "Account Included in Bankruptcy," a zero balance, a close date of February 1, 2016, and it continued to fail to report his monthly payments.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DITECH

14. Plaintiff realleges the above paragraphs as if recited verbatim.

15. After being informed by Equifax and Trans Union of Mr. Corpolongo's consumer dispute of the incorrect balance, incorrect status, failure to report monthly payments, and an incorrect close date of the Errant Trade Line, Ditech negligently failed to conduct a proper investigation of Mr. Corpolongo's dispute as required by 15 USC 1681s-2(b).

16. Ditech negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Equifax and Trans Union to correct the balance, remove the close date, report the monthly payments, and correct the status of the Errant Trade Line.

17. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Corpolongo's consumer credit file with Equifax and Trans Union to which it is reporting such trade line.

18. As a direct and proximate cause of Ditech's negligent failure to perform its duties under the FCRA, Mr. Corpolongo has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

19. Ditech is liable to Mr. Corpolongo by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

20. Mr. Corpolongo has a private right of action to assert claims against Ditech arising under 15 USC 1681s-2(b).

21. As a direct and proximate cause of the Defendants' actions, Plaintiff has suffered financial and emotional damages including stress, aggravation and humiliation and has incurred costs and attorneys' fees.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Ditech for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DITECH**

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Equifax and Trans Union that Mr. Corpolongo disputed the accuracy of the information it was providing, Ditech willfully failed to conduct a proper reinvestigation of Mr. Corpolongo's dispute.

24. Ditech willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of Ditech's willful failure to perform its duties under the FCRA, Mr. Corpolongo has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

26. Ditech is liable to Mr. Corpolongo for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Ditech for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

# COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Corpolongo as that term is defined in 15 USC 1681a.

29. Such reports contained information about Mr. Corpolongo that was false, misleading, and inaccurate.

30. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Corpolongo, in violation of 15 USC 1681e(b).

31. After receiving Mr. Corpolongo's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Corpolongo has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

33. Trans Union is liable to Mr. Corpolongo by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Corpolongo as that term is defined in 15 USC 1681a.

36. Such reports contained information about Mr. Corpolongo that was false, misleading, and inaccurate.

37. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Corpolongo, in violation of 15 USC 1681e(b).

38. After receiving Mr. Corpolongo's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Corpolongo has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

40. Trans Union is liable to Mr. Corpolongo by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

41. Plaintiff realleges the above paragraphs as if recited verbatim.

42. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Corpolongo as that term is defined in 15 USC 1681a.

43. Such reports contained information about Mr. Corpolongo that was false, misleading, and inaccurate.

44. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Corpolongo, in violation of 15 USC 1681e(b).

45. After receiving Mr. Corpolongo's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

46. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Corpolongo has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

47. Equifax is liable to Mr. Corpolongo by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

# COUNT VI

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

48. Plaintiff realleges the above paragraphs as if recited verbatim.

49. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Corpolongo as that term is defined in 15 USC 1681a.

50. Such reports contained information about Mr. Corpolongo that was false, misleading, and inaccurate.

51. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Corpolongo, in violation of 15 USC 1681e(b).

52. After receiving Mr. Corpolongo's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

53. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Corpolongo has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

54. Equifax is liable to Mr. Corpolongo by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## **JURY DEMAND**

Plaintiff hereby demands a trial by Jury.

DATED: July 28, 2016

                                                         KENT LAW OFFICES

                                         By: */s/ Trinette G. Kent*
                                           Trinette G. Kent
                                           Attorneys for Plaintiff,
                                           Michael Corpolongo